FILED
AUG 31 2012
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

UNITED STATES OF AMERICA

-vs-                                                                CAUSE NO. A-12-CR-105-SS

HUSSEIN ALI YASSINE a/k/a "Mike" (1)
MARISSE MARTHE RUALES a/k/a "Madi" (2)
HADI ALI YASSINE (3)
MOHAMMED ALI YASSINE a/k/a Steve and
a/k/a Steve Austin (4)

## ORDER

BE IT REMEMBERED on August 30, 2012, the Court held a hearing in the above-styled cause,[1] at which the parties appeared by and through counsel, and during which the Court specifically considered Defendant Hussein Ali Yassine's Motion for Relief From Prejudicial Joinder [#101] and the Government's response [#139] thereto; his Motion for Pretrial Notice of Other Crimes, Wrongs, or Acts [#102], and the Government's response [#142] thereto; his Motion to Preserve Rough Notes and for *In Camera* Inspection [#105], and the Government's response [#141] thereto; his Motion to Reveal Identity of Informants [#106], and the Government's response [#140] thereto; his Motion for Early Disclosure of Jencks Act Materials [#111], and the Government's response [#142] thereto; his Motion to Disclose Exculpatory Evidence [#122], and the Government's response [#142] thereto; and his sealed Motion to Reconsider [#147].

---

[1] The hearing also concerned Cause Numbers A–12–CR–102–SS and A–12–CR–104–SS. Separate written orders shall issue disposing of the motions in those cases.



Also before the Court were Defendant Hadi Ali Yassine's Motion to Produce Government Transcripts [#93], and the Government's response [#96] thereto; his Motion for Pretrial Notice of Other Crimes, Wrongs, or Acts [#94]; his Motion for Determination Outside the Presence of the Jury of the Admissibility of Coconspirators' Statements [#95], and the Government's response [#137] thereto; his Motion for Release of *Giglio* Materials [#98], and the Government's response [#138] thereto; his Motion in Limine [#99]; and his Motion for Relief from Prejudicial Joinder [#100], and the Government's response [#139] thereto.

Finally, the Court additionally considered Defendant Mohammed Ali Yassine's Motion for Disclosure Under Rule 12 [#112], and the Government's response [#133] thereto; his Motion in Limine [#113], and the Government's response [#133] thereto; his Motion for Notice of Intent to Use Evidence [#114], and the Government's response [#133] thereto; his Motion to Suppress Statements [#116], and the Government's response [#143] thereto; his Motion to Suppress Search and Seizure [#117], and the Government's response [#144] thereto; his Motion for Determination of Admissibility of Coconspirator Hearsay [#118], and the Government's response [#135] thereto; his Motion to Produce Transcripts [#119], and the Government's response [#136] thereto; his Motion to Correct Name [#131], and the Government's response [#134] thereto, and his agreed Motion for Extension of Time to File Motion to Correct Name [#132].[2]

During the hearing, the Court made oral pronouncements, which it memorializes now in this written order. Further, the Court carried some matters for further consideration, which matters are resolved herein. Therefore, having reviewed the documents, the relevant law, and the file as a whole, the Court now enters the following.

---

[2] This last motion [#132] is GRANTED.

First, Defendant Mohammed Ali Yassine's Motion to Suppress Statements [#116] was withdrawn by counsel. It is therefore DISMISSED WITHOUT PREJUDICE.

Second, during the hearing, counsel for the Government represented it had already produced the bulk of all discoverable material in this case, and would continue to supplement its disclosures as appropriate, including by disclosing *Brady*, *Giglio*, and Jencks Act material, as required by law. In particular, the Government indicated it would provide the portions of transcripts it intended to introduce at trial by August 31, 2012. It thus appears Defendants have, or will shortly have, all of the discovery to which they are entitled, subject to the Government's ongoing disclosure obligations. On the basis of these representations, the Court ruled, with counsel's agreement, that the following motions were moot at this time, subject to their refiling later if necessary: Defendant Hussein Ali Yassine's Motion for Pretrial Notice of Other Crimes, Wrongs, or Acts [#102], his Motion for Early Disclosure of Jencks Act Materials [#111], and his Motion to Disclose Exculpatory Evidence [#122]; Defendant Hadi Ali Yassine's Motion to Produce Government Transcripts [#93], his Motion for Pretrial Notice of Other Crimes, Wrongs, or Acts [#94], and his Motion for Release of *Giglio* Materials [#98]; and Defendant Mohammed Ali Yassine's Motion for Disclosure Under Rule 12 [#112], his Motion for Notice of Intent to Use Evidence [#114], and his Motion to Produce Transcripts [#119]. These motions are therefore DISMISSED WITHOUT PREJUDICE.

Turning to Defendant Hussein Ali Yassine's sealed Motion to Reconsider [#147], it is DENIED. Without going into detail, suffice it to say the Court's prior findings have not changed on any of the relevant issues, nor has its ultimate conclusion regarding detention.

Defendant Hussein Ali Yassine's Motion to Preserve Rough Notes and for *In Camera* Inspection [#105] is GRANTED IN PART. In particular, the Government has represented that no

such notes have been destroyed, and the Court has ordered the Government to instruct its agents to preserve any notes in their possession. Further, upon request of defense counsel, the Court will order any testifying witness to produce notes relevant to their testimony, if any. This motion is otherwise denied.

Defendant Hussein Ali Yassine's Motion to Reveal Identity of Informants [#106] is DENIED. The Government indicates it does not intend to call any of the relevant informants as witnesses at trial, nor are their identities relevant to any legal issue raised by this Defendant. Under the circumstances, therefore, there is no justification for the Court to compel the Government to reveal the identities of its confidential informants.

Defendants Hadi Ali Yassine and Mohammed Ali Yassine's Motions for Determination Outside the Presence of the Jury of the Admissibility of Coconspirators' Statements [##95, 118], and Defendant Mohammed Ali Yassine's Motion in Limine [#113] are DENIED. These are matters properly addressed at trial, outside the presence of the jury, when and if the Government attempts to introduce evidence counsel believe is objectionable. Counsel must make appropriate timely objections, at which time the Court will excuse the jury, hear the proffered evidence, and rule on its admissibility. The Court lacks sufficient information to rule in advance, in the abstract, on this evidentiary issue. If counsel fail to make timely objections, those objections will be waived.

Defendant Hadi Ali Yassine's Motion in Limine [#99] is GRANTED. The Government shall approach the bench before offering any evidence, or questioning any witness, on the subjects described in the motion. The Court will make the appropriate evidentiary ruling at that time.

Defendant Mohammed Ali Yassine's Motion to Correct Name [#131] is DISMISSED as moot. Counsel represented they were willing to enter into a stipulation regarding this Defendant's

various names, and the fact they all refer to the same individual. If counsel are unable to reach an agreement for some reason, Defendant may re-urge this motion, and the Court will resolve the matter.

Defendants Hadi Ali Yassine and Hussein Ali Yassine's Motions for Relief From Prejudicial Joinder [##100, 101] are DISMISSED WITHOUT PREJUDICE. If appropriate, these motions may be made at trial, when and if the Government attempts to elicit testimony or introduce evidence defense counsel finds objectionable. At that time, the Court will consider the evidence outside the presence of the jury, determine its admissibility, and decide whether the resulting prejudice, if any, can be adequately cured through appropriate instructions to the jury. Of course, if counsel fail to make timely objections at trial, those objections will be waived.

Finally, Defendant Mohammed Ali Yassine's Motion to Suppress the March 22, 2012 Search and Seizure At 6006 Mesa Drive [#117] is DENIED. The Court finds law enforcement acted in objectively reasonable good faith reliance on the search warrant signed by Magistrate Judge Green on March 21, 2012, such that, even if the warrant was not supported by probable cause, application of the exclusionary rule is inappropriate. Alternatively and additionally, the Court finds the warrant was, in fact, supported by probable cause, such that suppression is not warranted.

"[E]vidence obtained by law enforcement officials acting in objectively reasonable good-faith reliance upon a search warrant is admissible in the prosecution's case-in-chief, even though the affidavit on which the warrant was based was insufficient to establish probable cause." *United States v. Craig*, 861 F.2d 818, 821 (5th Cir. 1988) (citing *United States v. Leon*, 468 U.S. 897, 922–23 (1984)). However, the good-faith exception to the exclusionary rule has four exceptions of its own, as described by the Supreme Court in *Leon*: (1) if the magistrate or judge in issuing a

warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth; (2) where the issuing magistrate wholly abandoned his judicial role, such that no reasonably well trained officer should rely on the warrant; (3) where the warrant is based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and (4) where the warrant is so facially deficient in failing to particularize the place to be searched or the things to be seized that the executing officers cannot reasonably presume it to be valid. *Leon*, 468 U.S. at 923.

Relying on exception (3) above, Defendant Mohammed Ali Yassine argues "[t]he warrant is so clearly deficient that the executing officers' reliance on the magistrate's probable cause determination was not objectively reasonable." Def.'s Mot. [#117] at 5. More specifically, Defendant contends the information contained in the search warrant affidavit was too old to provide probable cause for a search. The Court disagrees.

The Fifth Circuit's opinion in *United States v. Craig*, *supra*, is instructive on the issue of staleness and is, in this Court's opinion, dispositive of Defendant's motion:

> Two considerations have consistently appeared in this court's opinions on the issue of staleness. First, if the information of the affidavit clearly shows a long-standing, ongoing pattern of criminal activity, even if fairly long periods of time have lapsed between the information and the issuance of the warrant, the information need not be regarded as stale. Second, the nature of the evidence sought is also relevant. Courts are more tolerant of dated allegations if the evidence sought is of the sort that can reasonably be expected to be kept for long periods of time in the place to be searched.

861 F.2d at 822–23. As the court further explained, the pertinent question is not whether there was probable cause to believe Defendant was still committing the crimes alleged in the warrant affidavit, but whether there was probable cause to believe evidence of Defendant's past criminal conduct would be found in his home in March of 2012. *See id.* at 823 n.6.

Here, as Defendant admits, the "affidavit allege[d] money laundering, drug dealing, tax evasion and bank fraud in 2007, 2008 and 2009." Def.'s Mot. [#117] at 2. These statements, which allege criminal conduct spanning three years, show a long-standing, ongoing pattern of criminal activity. Further, the Fifth Circuit has explicitly found that bank records are the sort of evidence "which would normally be kept at one's personal residence," and "which could be reasonably expected to be kept there for long periods of time." *United States v. Freeman*, 685 F.2d 942, 952 (5th Cir. 1982). The affidavit likewise indicates that financial records are commonly kept in residences for long periods of time.

Because the affidavit describes a long-standing pattern of criminal conduct, and because the types of evidence sought could reasonably have been expected to be kept in a residence for a long period of time, the Court concludes the information was not too stale to support a finding of probable cause. Accordingly, Magistrate Judge Green could reasonably have found there was probable cause to search the house at 6006 Mesa Drive. Alternatively, even if the warrant was not actually supported by probable cause, the Court finds the affidavit was not so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable. Consequently, law enforcement acted in objective good-faith reliance on the warrant. In either case, suppression of the recovered evidence is inappropriate, and Defendant's motion is thus denied.

## Conclusion

In accordance with the foregoing,

IT IS ORDERED that the following motions are DISMISSED WITHOUT PREJUDICE: [##93, 94, 98, 100, 101, 102, 111, 112, 114, 116, 119, 122, 131];

IT IS FURTHER ORDERED that the following motions are DENIED: [##95, 106, 113, 117, 118, 147];

IT IS FURTHER ORDERED that Defendant Hussein Ali Yassine's Motion to Preserve Rough Notes and for *In Camera* Inspection [#105] is GRANTED IN PART, as described above;

IT IS FINALLY ORDERED that Defendant Hadi Ali Yassine's Motion in Limine [#99], and Defendant Mohammed Ali Yassine's unopposed Motion for Extension of Time to File Motion to Correct Name [#132] are GRANTED.

SIGNED this the 31st day of August 2012.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE